**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| Ricky Wood,<br><br>*On behalf of himself and those similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>HUT American Group LLC; Flynn Restaurant Group LP; Jeremy Biser; Greg Flynn; Ron Bellamy; Doe Corporation 1-10; and John Doe 1-10<br><br>Defendants. | Case No. 2:22-CV-00110-TRM-CRW |

**DECLARATION OF TROY BAXTER**

1.

My name is Troy Baxter. I am a Human Resources Director for Hut American Group LLC ("Hut American"). I have held this position since approximately March 2021. I have personal knowledge of the facts set forth in this Declaration and am of competent mind and age to give this Declaration.

2.

Hut American is a Pizza Hut franchisee.

3.

Plaintiff Ricky Wood began working for Hut American in March 2021 as a delivery driver at the Newport, Tennessee Pizza Hut location. Hut American was Wood's direct employer and was the entity that paid him. Ricky Wood ceased his employment with Hut American on July 26, 2021.

4.

While working for Hut American, Wood's deliveries were restricted to the "trade area"—a pre-determined geographic area outside of which deliveries could not occur—for the Newport, Tennessee store from which he worked. During the time that he was a Hut American driver, all of Wood's deliveries were inside the State of Tennessee.

5.

During his onboarding, Wood was presented with a copy of the Dispute Resolution Program Booklet (the "Arbitration Agreement") adopted by Hut American and all subsidiaries or affiliated entities. On March 23, 2021, Wood digitally signed a copy of the Arbitration Agreement, which was available to him as early as March 10, 2021, and via his individual talentReef online portal at all times during his employment using his unique password. Only an individual with unique password and access to Wood's email to obtain the unique code generated in the two-factor authentication process could access his talentReef account. Attached as Exhibit A-1 is a true and correct copy of the Arbitration Agreement executed by Wood.

I declare under penalty of perjury that the foregoing is true and correct. Executed pursuant to 28 U.S.C. § 1746 on November 3, 2022.

Troy Baxter (signature)

Troy Baxter

## DISPUTE RESOLUTION PROGRAM BOOKLET

*[2004EDR Systems, LLC/All Rights Reserved/Revised 2019]*

This Dispute Resolution Program is adopted for HUT American Group LLC and all subsidiaries or affiliated entities, and all successors and assigns of any of them, all of which are collectively hereinafter referred to as the "Company."

The Company is committed to building a strong relationship between the Company and all of our employees - a relationship that is based on trust and open communication. The Company is an equal opportunity employer and strives to maintain an atmosphere of mutual trust and open, honest communication. By working together, we can reach any goal we set for ourselves. We do not and will not tolerate harassment or discrimination by any employee, regardless of their status with the Company, and no employee will be retaliated against for using this Program.

We understand, however, that despite our best efforts, problems and disagreements do arise in the workplace. We cannot entirely eliminate problems and disagreements, but we can provide a process for resolving them when they do occur by taking prompt constructive action.

Based on these beliefs and values, we developed this DISPUTE RESOLUTION PROGRAM (the "Program"). The Program is a four- step process for resolving workplace problems quickly and fairly. This policy describes the steps that both you and the Company must take to resolve many types of workplace problems. The Company is also obligated to follow the Program and will also be bound by arbitration. The types of problems covered by the Program are explained in detail in this policy.

**THIS PROGRAM IS A CONDITION OF YOUR EMPLOYMENT AND IS THE MANDATORY AND EXCLUSIVE MEANS BY WHICH DISPUTES BETW EEN YOU AND THE COMPANY MAY BE RESOLVED, SO READ THE INFORMATION IN THIS PROGRAM BOOKLET CAREFULLY.**

When you have a work-related problem, follow the steps listed below in this policy.

**Step 1: UTILIZE THE OPEN DOOR POLICY**

In any relationship, when a disagreement occurs or a problem arises, ignoring the problem can result in the situation getting worse, not better. At AAG we want to encourage open communication so that we can resolve the problem or disagree as quickly and amicably as we can. To do this, we have developed an open-door policy that encourages you to talk with your supervisor to get your concern addressed quickly.

Option 1. Talk directly to your immediate supervisor. If you have a problem, first discuss it with your supervisor as soon as possible after the problem arises.

Option 2. Talk to a higher level of management. If you are not able to resolve the issue with your supervisor, or if you are not comfortable discussing the issue with your supervisor, you should take your concern to your Area Director and even the level of Director of Operations get the answers you need. Follow the chain of command as high as you need to go to resolve the problem.

Option 3. Talk with Human Resources. If you have tried the above steps and are not satisfied, or if you are not comfortable talking to management for any reason, you can contact your Human Resources Manager to get the help you need. This number is found on the Open Door posting in your restaurant.

Option 4. Talk with Support Center. Contact the Support Center Human Resources Department at 216.525.2775 or Employee Hotline at 800.837.3667, ext. 1300, and ask for help. Calls to the Support Center Human Resources Department can be made anonymously.

**Step 2: EXECUTIVE REVIEW**

If you have tried the Open Door Policy and are not satisfied, you may request the Executive Review Step. In this step, the Company's President or his designee (the "Executive") will review the issue or problem and attempt to resolve the issue or problem to your satisfaction and to the satisfaction of your Manager and the Company. Failing that, the Executive will make a decision.

Here is how you obtain access to the Executive Review Step:

1. **Request review**. As soon as possible after your exhaustion of the Open Door Policy Step process, you can start the Executive Review process by contacting the Company's Employee Relations department. The Employee Relations department can be reached at 216.525.2775 or you can call the Employee Hotline at 800.837.3667 x1300 and ask for help.
2. **Submit information.** In order to access the Executive Review Step, you should provide a written statement* that contains as much of the following information as possible:

a. Describe in detail, to the best of your ability, the factual basis on which your claim is made. This includes identifying any witnesses, documents or other information that will assist in resolving your claim.
b. Describe what occurred at the Open Door Policy Step to resolve the issue including the supervisors (or others) you have spoken with about the issue, and the result of those communications.
c. Describe what ongoing questions or concerns you might have following the Open Door Policy Step.
d. Describe the nature and extent of any further resolution you are seeking or steps you would like to see taken.

*You can obtain a copy of a form to use for this purpose from the Human Resources Department.

3. **The Review**. The Company's Executive will review the problem and investigate the issue as is appropriate under the circumstances. This may include, in all likelihood, a discussion with you and your supervisor, a discussion with any witnesses or other involved parties, and a review of all relevant documents.
4. **The Solution.** Based on the information obtained, the Executive will determine the outcome of the investigation and/or any next steps that should be taken. That decision will be made in writing, generally within thirty (30) days of your request for Executive Review.
5. **Non-Legal Claims**. If your claim is not a statutory or common law claim ("legal claim"), Executive Review is the final step in the Dispute Resolution Program. (Only legal claims may proceed to mediation or arbitration.) For example, mediation and arbitration are not available to review performance evaluations, job elimination or lay-off decisions, Company work rules, policies and pay rates, or increases or decreases in benefits, except to the extent such matters relate to statutory or common law claims.

**Step 3: MEDIATION**

If you believe you have a legal claim that was not solved through the Open Door Policy or Executive Review, the next step is Mediation. In Mediation, an objective, independent third party tries to help the parties reach a mutually agreeable solution.

When you or the Company wishes to request Mediation, the requesting party should contact the American Arbitration Association (AAA) (www.adr.org) or, if the parties agree in advance, a similar organization or professional specializing in dispute resolution. If using AAA or a similar agency, the agency will assign a professional mediator to mediate the dispute. The mediator will listen, work to open communication lines, and offer creative solutions. But the mediator does not make a final decision. It is up to you and the Company to reach agreement. The goal of mediation is to develop a solution that satisfies both parties involved.

Here is how to put the Mediation Step to work for you:

1. **Advise the Human Resources department that you request Mediation.** You should request Mediation as soon as possible, but no more than sixty (60) days from the date you complete the Executive Review Step. Despite the mediation process, you must file a demand for arbitration within the appropriate statute of limitations. In other words: the mediation process does not toll the statute of limitations on any claim, so speedy mediation is a must.
2. **Select mediator**. When either you or the Company request Mediation, the parties will select an outside, independent neutral mediator to handle the mediation process. The Company will pay the fees of the mediator and the mediation agency, if one is used.
3. **You, the mediator and the Company representative meet.** The mediator will schedule a meeting between you and the Company representative. The mediator will guide the discussion and help resolve the problem. However, it is up to both you and the Company to reach agreement. The mediator does not make the final decision.
4. **Written agreement.** If appropriate, after you and the Company have agreed upon a solution, a written agreement will be signed by the parties.

**Step 4: ARBITRATION**

If you have a work-related problem that involves one of your legally protected rights, which has not been resolved through the earlier steps, you may request Arbitration. In Arbitration, an outside neutral expert chosen and agreed upon by you and the Company, called an "arbitrator", becomes involved in the resolution process. He or she listens to the facts, then makes a final binding decision and awards any damages, just like a judge in a court of law. Arbitration is less formal than conventional court litigation but is clearly established and governed by rules and standards of conduct, which are designed to assure due process of law is fully protected. The goal of Arbitration is to provide effective and efficient problem resolution.
Here is how the Arbitration process works:

1. **Request Arbitration.** If you believe you have a legal claim, you may request that your claim go to Arbitration. Note that your request for arbitration must be made within the applicable statute of limitations for your underlying claim. The arbitration will be conducted by the AAA or any similar organization mutually acceptable to you and the Company. The arbitration will

be conducted under the AAA's "National Rules for the Resolution of Employment Disputes", which are in effect at the time the demand for arbitration is filed. The rules can be obtained from the AAA's website at www.ADR.org or from the Company upon request.

2. **The arbitration agency** selected (the "agency") will then bill you and the Company each a filing fee. Your portion of that fee is limited to $125.00. The Company will pay the balance of the agency's initial filing fee and will pay the arbitrator's fee. If you establish that you cannot pay the filing fee, the Company will pay your portion of the fee.
3. **A hearing is set.** The arbitrator will schedule a date, time and place for a hearing. During this hearing, both you and the Company present the pertinent facts, documents, and witnesses. You may hire a lawyer to participate in the Arbitration hearing with you. The hearing will be conducted in the community where you were employed or in another mutually agreeable location.
4. **A decision is made.** Based on the information presented and the facts gathered, the arbitrator will make a final binding decision in writing that will set forth the essential findings and conclusions on which the award is based. The decision of arbitrator shall have a final and binding effect in any related litigation. If you win, the arbitrator can award you anything you might seek through a court of law. By using Arbitration, your rights are protected, and damages can be paid if those rights have been violated.

**PROGRAM RULES**

**CLAIMS SUBJECT TO ARBITRATION**

Claims and disputes subject to arbitration include all those legal claims you may now or in the future have against the Company or against its officers, directors, shareholders, employees or agents, including claims related to any Company employee benefit program or against its fiduciaries or administrators (in their personal or official capacity), and all claims that the Company may now or in the future have against you, whether or not arising out of your employment or termination, except as expressly excluded under the "Claims Not Subject to Arbitration" section.

Legal claims that are subject to arbitration include, but are not limited to:

- claims for wages or other compensation;
- claims for breach of any contract, covenant or warranty(expressed or implied);
- tort claims (including, but not limited to, claims for physical, mental or psychological injury, but excluding statutory workers compensation claims);
- claims for wrongful termination;
- claims for sexual or other illegal harassment or discrimination (including, but not limited to, claims based on race, sex, sexual orientation, religion, national origin, age, medical condition or disability whether under federal, state or local law);
- claims for benefits or claims for damages or other remedies under any employee benefit program sponsored by the Company (after exhausting administrative remedies under the terms of such plans);
- "whistleblower" claims under any federal, state or other governmental law, statute, regulation or ordinance;
- claims for a violation of any other non-criminal federal, state or other governmental law, statute, regulation or ordinance; and
- claims for retaliation under any law, statute, regulation or ordinance.

**CLAIMS NOT SUBJECT TO ARBITRATION**

Claims or disputes not subject to arbitration are as follows:

- any claim by an employee for benefits under a plan or program which provides its own binding arbitration procedure;
- any statutory workers compensation claim;
- unemployment insurance claims;
- any non-legal dispute is not subject to arbitration. Examples include disputes over a performance evaluation, issues with co-workers, or complaints about your work site or work assignment that does not allege a legal violation

Your agreement to adhere to this Dispute Resolution Program does not prohibit you from pursuing an administrative claim with the National Labor Relations Board, any state or federal department of labor, state or local Fair Employment Practice Agencies, or the United States Equal Employment Opportunity Commission. This Agreement, does, however, preclude you from personally pursuing court action regarding any such claim.

Additionally, nothing in this Agreement is intended to prevent either you or the Company from obtaining injunctive relief in court to prevent irreparable harm pending the conclusion of any arbitration conducted hereunder and either of us may apply to the appropriate state or federal court for a temporary restraining order, preliminary injunction, or other interim or conservatory relief, as necessary, without breach of this arbitration agreement and without abridgement of the powers of the arbitrator.

The parties also agree that any arbitration between the employee and the Company is of their individual claim and that any claim subject to arbitration will not be arbitrated on a collective, representative or class-wide basis. However, this provision does not preclude employees from exercising their rights under the National Labor Relations Act to joining other employees in a collective action to improve working conditions.

**REQUIRED NOTICE OF ALL CLAIMS**

When seeking arbitration, the claimant must request arbitration from the AAA or other mutually-agreed-upon dispute resolution agency within one year of the act complained of or within the applicable statute of limitations period, whichever is longer. Subject to any exceptions under applicable law, the day the act complained of occurred shall be counted for purposes of determining the applicable period. Note that neither the Executive Review process nor Mediation tolls the applicable statute of limitations.

**ARBITRATION PROCEDURES**

Unless the parties mutually agree to waive Mediation, you must use the Mediation Step explained in this policy before requesting Arbitration. Once in the arbitration process, the agency will administer any Arbitration under the AAA's "National Rules for the Resolution of Employment Disputes" and in conformity with this Dispute Resolution Program. Go to ADR.org to obtain a copy of the rules or request a copy from the Company. The rules in effect on the date a demand is made shall control.

The arbitration will be before a neutral arbitrator who is licensed to practice law and with experience in the employment law area. The arbitration shall apply the substantive law and the laws of remedies, if applicable, of the state in which the claim arose, or federal law or both, depending upon the claims asserted. The decision of the arbitrator shall be in writing and shall provide the reasons for the award unless the parties agree otherwise.

The arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold a pre-hearing conference by telephone or in person, as the arbitrator deems necessary. The arbitrator shall have the authority to rule on a motion to dismiss and/or a motion for summary judgment by any party and, in doing so, must apply the standards governing such motion under the Federal Rules of Civil Procedure.

**PRE-HEARING PROCEDURES**

You and the Company each have the right to take the deposition of individuals and expert witnesses designated by another party. Depositions and other pre-trial discovery will be taken in accordance with the order of the arbitrator selected under the Program, who shall allow adequate discovery. You and the Company have the right to subpoena witnesses to the Arbitration in accordance with the Federal Rules of Civil Procedure. At least thirty (30) days before the Arbitration, you and the Company must exchange lists of witnesses, including any experts, and copies of all exhibits to be used at the Arbitration.

**ARBITRATION FEES AND COSTS**

There are two types of administrative fees and costs associated with Arbitration; a filing fee with the arbitration agency selected and payment to the arbitrator for his or her services and expenses. Such fees and other expenses shall be allocated as follows:

1. The party requesting Arbitration must pay a $125.00 filing fee to the agency to request Arbitration. If you request Arbitration the Company will pay the balance of the initial filing fee and will pay the entire fee if it requests Arbitration. Either party, at its expense, may arrange for and pay the cost of a court reporter to provide a stenographic record of the Arbitration proceedings.
2. Each party shall be responsible for its own attorneys' fees and related litigation expenses, if any; however, if any party prevails on a statutory claim, which allows the prevailing party to be awarded attorneys' fees and costs, the arbitrator may award reasonable fees and costs to the prevailing party.
3. Where permitted by law, the arbitrator may assess attorneys' fees against a party upon showing by the other party that the first party's claim is frivolous or unreasonable or factually groundless.
4. If either party pursues a legal claim covered by the Dispute Resolution Program in court or by any means other than Arbitration, the responding party shall be entitled to stay or dismissal of such action, the remand of such action to Arbitration, and the recovery of all costs and attorneys' fees and expenses related to such action.

**MULTI-STATE BUSINESS**

The Company is engaged in transactions involving interstate commerce and your employment involves such commerce; therefore, the parties agree that the Federal Arbitration Act shall govern the interpretation, enforcement and proceedings under the Dispute Resolution Program.

**PROGRAM PROVISIONS/ENFORCEMENT**

The provisions of the Program document are severable and, should any provision be held unenforceable, all others will remain valid

and binding. No provision of the Program document will be held unenforceable if such provision can be reasonably interpreted in a manner that results in such provision being enforceable. The arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, arbitrability, applicability, enforceability or formation of the agreement to arbitrate including, but not limited to, any claim that all or any part of the agreement to arbitrate is void and voidable.

If a court should determine that Arbitration under this Program is not the exclusive, final, and binding method for the Company and its employees to resolve disputes and/or that the decision and award of the arbitrator is not final and binding as to some or all of a party's claim(s), the party must submit the claim(s) to Arbitration and pursue the Arbitration to conclusion before filing or pursuing any legal, equitable, or other legal proceeding for any eligible claim in a court of competent jurisdiction.

**PROGRAM STEPS**
While we encourage you to use all of the steps in the Program in the order outlined, we realize that in some cases it may not be appropriate to use the preliminary steps. Accordingly, if your claim involves a legal claim that is subject to Arbitration hereunder, you may proceed directly to Step 3, Mediation, without first using Step 1, Open Door Policy or Step 2, Executive Review. The Company may also skip Steps 1 and 2 if a legal claim is involved.

**NOT AN EMPLOYMENT CONTRACT/EXCLUSIVEREMEDY**
While this Program constitutes a binding promise between you and the Company to resolve all disputes pursuant to the process outlined herein, this Program is not and shall not be construed to create any contract of employment, expressed or implied. Nor does this Program in any way alter the "at will" status of any employment.

**This Program will prevent you from filing a lawsuit in Court for individual, class, representative or collective relief for a legal claim subject to arbitration. This Program also includes a waiver of any right to a trial by jury.**

[2004EDRSystems,LLC/AllRightsReserved/Revised2019]

HUT American Group LLC and all subsidiaries or affiliated entities and all successors and assigns of any of them.

## IMPRESO DEL PROGRAMA PARA RESOLUCIÓN DE DISPUTAS

[2004EDR Sistemas, LLC/Todos los derechos reservados/Revisado 2019]

El programa para Resolución de Disputas es adoptado por HUT American Group LLC y todas las subsidiarias y entidades asociados y todos sus sucesores y designados, a quienes se hace referencia de aquí en adelante como la "Compañía".

La Compañía tiene el compromiso de forjar una sólida relación con todos sus empleados: una relación basada en la confianza y la comunicación abierta. La Compañía es un empleador que ofrece igualdad de oportunidades y se esfuerza por mantener un ambiente de confianza mutua, franqueza y una comunicación honesta. Trabajando juntos podemos alcanzar cualquier meta que nos fijemos. No toleramos ni toleraremos el acoso o la discriminación por parte de cualquier empleado, independientemente de su puesto en la Compañía, y ningún empleado sufrirá represalias por utilizar este Programa.

No obstante, entendemos que los problemas y los desacuerdos son inevitables cuando personas con diferentes puntos de vista pasan mucho tiempo juntos. No podemos eliminar completamente los desacuerdos, pero podemos proporcionar un proceso para resolverlos cuando sucedan tomando medidas rápidas y constructivas.

En base a estas creencias y valores, hemos creado el PROGRAMA PARA RESOLUCIÓN DE DISPUTAS (el "Programa"). El Programa consta de un proceso de cuatro pasos para resolver problemas en el lugar de trabajo de forma rápida e imparcial. Esta política describe los pasos que tanto usted como la Compañía deben tomar para resolver cualquier tipo de problema en el lugar de trabajo. La Compañía también está obligada a seguir el Programa y el proceso de arbitraje será vinculado. Esta política describe en detalle los tipos de problemas cubiertos por el Programa.

**ESTE PROGRAMA ES UNA CONDICIÓN PARA EL EMPLEO Y ES OBLIGATORIA Y METODO EXCLUSIVO POR CUAL SE DEBEN RESOLVER LAS DISPUTAS ENTRE USTED Y LA COMPAÑIA; POR LO TANTO, LEA ATENTAMENTE LA INFORMACIÓN EN ESTE IMPRESO DEL PROGRAMA.**

Cuando tenga un problema laboral, siga los pasos descritos en esta política.

**Paso 1: UTILIZE LA POLÍTICA DE PUERTA ABIERTA**

En cualquier relación, cuando ocurre un desacuerdo o surge un problema, ignorar el problema puede hacer que la situación empeore, no que mejore. En AAG queremos fomentar la comunicación abierta para que podamos resolver el problema o el desacuerdo de la manera más rápida y amistosa posible. Por eso, hemos creado una política de puerta-abierta que le alienta hablar con su supervisor para que puedan resolver sus preocupaciones rápidamente.

Opción 1. Hable directamente con su supervisor inmediatamente. Cuando tenga un problema, apenas suceda, hable primero con su supervisor al respecto lo más pronto posible.

Opción 2. Hable con un nivel más alto de jerarquía. Si no puede resolver el problema con su supervisor, o si no se siente cómodo tratándolo con él, debe plantearlo con el Director de Área e incluso al nivel de Dirección de Operaciones para obtener las respuestas que necesita. Siga la cadena de mando tan alto como necesite para resolver el problema.

Opción 3. Hable con Recursos Humanos. Si ha intentado los pasos anteriores y no está satisfecho, o si no se siente cómodo hablando con la gerencia por cualquier motivo, puede comunicarse con el Gerente de Recursos Humanos para obtener la ayuda que necesita. Este número se encuentra exhibido en la cartelera de Puerta Abierta de su restaurante.

Opción 4. Hable con el Centro de Ayuda. Comuníquese con el Centro de Ayuda del Departamento de Recursos Humanos al 216.525.2775 o con la Línea Directa para Empleados al 800.837.3667, int. 1300, y pida ayuda.

**Paso 2: REVISIÓN EJECUTIVA**
Si ha utilizado la Política de Puerta Abierta y no está satisfecho, puede solicitar el Paso de la Revisión Ejecutiva. En este paso, el Presidente de la Compañía o la persona que este designe (el "Ejecutivo") analizará el asunto o problema e intentará resolverlo a satisfacción de usted, su gerente y la Compañía. Si esto no funciona, el Ejecutivo tomará una decisión.

Aquí esta cómo obtener acceso a los pasos de Revisión Ejecutiva:

1. **Solicitud de revisión**. Tan pronto haya agotado el proceso de Política de Puerta Abierta, puede comenzar el proceso de Revisión Ejecutiva poniéndose en contacto con el departamento de Relaciones con Empleados de la Compañía. Puede llamar al departamento de Relaciones con Empleados al 216.525.2775 o llamar la línea directa para Empleados al 800.837.3667 int. 1300 y pedir ayuda.
2. **Enviar información.** Para acceder la Revisión Ejecutiva, debe proporcionar una declaración escrita* que contenga la mayor parte de la siguiente información posible:
   a. Describa en detalle, a lo mejor de su capacidad, la base fáctica en la que se hace su reclamo. Esto incluye la identificación de testigos, documentos y otra información que ayude resolver su reclamo.
   b. Describa que ocurrió cuando tomó los pasos de la política de Puerta Abierta para resolver el problema, incluyendo los supervisores (u otras personas) con los que haya hablado sobre el problema, y el resultado.
   c. Describa la naturaleza y alcance de cualquier otra resolución que esté buscando y los pasos siguientes que le gustaría ver tomados

*El Departamento de Recursos Humanos puede entregarle copia de un formulario para usar en este proceso.

3. **La revisión.** El Ejecutivo de la Compañía analizará el problema y realizará las investigaciones que considere apropiadas dadas las circunstancias. Esto puede incluir, muy probablemente, hablar con usted y su supervisor y analizar todos los documentos relevantes.
4. **La solución.** En base a la información obtenida, el Ejecutivo determinará el resultado de la investigación y/o los próximos pasos que deban tomarse. La decisión será por escrito, generalmente, dentro de treinta (30) días de su solicitud de revisión ejecutiva.
5. **Reclamos no legales**. Si el reclamo no es de carácter estatutario o de derecho común ("reclamo legal"), la Revisión Ejecutiva será el paso final en el Programa para Resolución de Disputas. (Sólo los reclamos legales pueden tratarse con mediación o arbitraje). Por ejemplo: la mediación y el arbitraje no están disponibles para las evaluaciones de revisión de rendimiento; eliminación de puestos de trabajo o despidos; normas, políticas o salarios de la Compañía, ni aumentos o disminuciones de beneficios, excepto en la medida que dichos asuntos estén vinculados con reclamos estatutarios o de derecho común.

**Paso 3: MEDIACIÓN**
Si considera que su reclamo legal no ha sido resuelto por medio de la Política de Puerta Abierta ni la Revisión Ejecutiva, el siguiente paso es la mediación. En mediación, un objetivo, tercera parte independiente intentará ayudar a las partes alcanzar una solución

mutuamente aceptable.

Si usted o la Compañía desean solicitar mediación, la parte solicitante debe comunicarse con la Asociación Americana de Arbitraje (AAA) (www.adr.org) o, si las partes lo acuerdan de antemano, con una organización similar o profesional especializada en la resolución de disputas. Si se usa una AAA o agencia similar, ésta asignará un mediador profesional para arbitrar en la disputa. El mediador escuchará, trabajará para abrir las líneas de comunicación y ofrecerá soluciones creativas. Sin embargo, el mediador no tomará una decisión final. Alcanzar un acuerdo es trabajo de usted y la compañía. El objetivo de la mediación es crear una solución que satisface las partes involucradas.

Siga estos pasos para poner el Paso de Mediación a trabajar para usted:

1. **Informe al departamento de Recursos Humanos que usted solicita la mediación.** Debe solicitar la mediación lo antes posible, dentro o antes de sesenta (60) días de la fecha en que se completó el Paso de Revisión Ejecutiva. No obstante el proceso de mediación, usted debe presentar una demanda por arbitraje dentro de los plazos del estatuto de limitaciones. En otras palabras: el proceso de mediación no detiene el estatuto de limitaciones en un reclamo, por lo tanto, una mediación rápida es necesario.
2. **Selección del mediador**. Cuando usted o la Compañía solicitan mediación, las partes seleccionarán un mediador neutral externo e independiente para que se encargue del proceso de mediación. La Compañía correrá con los honorarios del mediador y la agencia de mediación, en caso de usarse una.
3. **Usted, el mediador y el representante de la Compañía se reúnen.** El mediador programar una reunión entre usted y el representante de la Compañía. El mediador guiará la discusión y ayudará a resolver el problema. Sin embargo, es decisión de usted y la Compañía alcanzar un acuerdo. El mediador no toma la decisión final.
4. **Acuerdo por escrito.** Si corresponde, ambas partes firmarán un acuerdo escrito si usted y la Compañía llegaran a un acuerdo.

**Paso 4: ARBITRAJE**

Si tiene un problema laboral que involucra uno de sus derechos legalmente protegidos, que no haya sido resuelto por medio de los pasos anteriores, puede solicitar arbitraje. En el arbitraje, un experto neutral y externo elegido y acordado por usted y la Compañía, será denominado "árbitro", participará en el proceso de resolución. Dicha persona escuchará los hechos, tomará una decisión final y vinculante, y dará la decisión mediante la concesión de danos y perjuicios, como un juez en una corte. El arbitraje es menos formal que un litigio en una corte convencional, pero está claramente establecido y regido por reglas y normas de conducta, las cuales están diseñadas para garantizar que el debido proceso esté completamente protegido. El objetivo del arbitraje es ofrecer una resolución efectiva y eficiente a un problema.

Aquí dicta cómo funciona el proceso de arbitraje:

1 **Solicitud de Arbitraje.** Si cree que tiene un reclamo legal, puede solicitar que su reclamo vaya al arbitraje. Tenga en cuenta que la solicitud de arbitraje debe hacerse dentro del estatuto de limitaciones correspondiente para el reclamo subyacente. El arbitraje será llevado a cabo por la AAA u organización similar que usted y la Compañía hayan acordado mutuamente. El arbitraje se realizará conforme las "Normas Nacionales para la Resolución de Disputas Laborales" de la AAA que estén en vigencia al momento de presentar la solicitud de arbitraje. Puede acceder a las normas en el sitio web de la AAA www.ADR.org o a través de la Compañía, previa solicitud.

2 **La agencia de arbitraje** seleccionada (la "agencia"), les cobrara tanto a usted, como a la Compañía un cargo por la presentación. La parte que le corresponde a usted tiene un límite de $125.00. La Compañía pagara el resto del cargo inicial de presentación de la agencia y los honorarios del árbitro. Si usted establece que no puede pagar el cargo de presentación, la Compañía pagara su porción por usted.

3 **Fecha de la audiencia.** El árbitro programara una fecha, hora y lugar para la audiencia. Durante la audiencia, tanto usted como la Compañía presentarán los hechos, documentos y testigos pertinentes. Puede contratar un abogado para que participe con usted en la audiencia de arbitraje. La audiencia se llevará a cabo en la comunidad donde usted estaba/está empleado o en otro lugar acordado mutuamente.

4 **Se toma la decisión.** Conforme la información presentada y los hechos recabados, el árbitro tomará una decisión final y vinculante, por escrito, que establecerá las determinaciones y conclusiones esenciales en las que se basa el fallo. La decisión del árbitro tendrá un efecto final y vinculante en cualquier litigio relacionado. Si usted gana, el árbitro puede otorgarle todo lo que usted buscaría en un tribunal de justicia. Por medio del arbitraje, sus derechos están protegidos y los daños pueden ser resarcidos si estos han sido violados.

**REGLAS DEL PROGRAMA**

**RECLAMOS SUJETOS A ARBITRAJE**

Los reclamos y disputas sujetos a arbitraje incluyen todos los reclamos legales que usted pudiera tener ahora o en el futuro en contra de la Compañía o en contra de sus funcionarios, directores, accionistas, empleados o agentes, incluyendo reclamos relacionados con cualquier programa de beneficios para empleados de la Compañía o en contra de sus fiduciarios o administradores (en su capacidad personal u oficial), y todo reclamo que la Compañía pudiera tener ahora o en el futuro en contra de usted, ya sea que surgiera del empleo o el cese laboral, excepto según las exclusiones expresas descritas en la sección "Reclamos no sujetos a arbitraje".

Reclamos legales sujetos a arbitraje incluyen, pero no se limitan a:

- reclamos salariales o de compensación;
- reclamos por incumplimiento de contrato, pacto o garantía (expreso o implícito);
- tort reclamo (incluyendo, pero no limitado a, reclamos por lesiones físicas, mental o psicológica, pero excluyendo trabajadores estatutarios reclamando la ley de compensación de trabajadores);
- reclamaciones por despido indebido;
- reclamos por acoso sexual o acoso ilegal o discriminación (incluyendo, sin limitación, los reclamos en función de la raza, sexo, orientación sexual, religión, nacionalidad de origen, edad, condición médica o discapacidad, ya sean bajo la ley federal, estatal o local);
- reclamos por beneficios o por daños u otras medidas de resolución bajo los programas de beneficios para empleados patrocinados por la Compañía (luego de agotar todas las instancias administrativas conforme los términos de dichos planes);
- reclamos de "denunciantes de situaciones ilegales" (whistleblower) bajo la ley, estatuto, regulación u ordenanza gubernamental, federal o estatal;
- reclamos por violación de cualquier otra ley, estatuto, regulación u ordenanza gubernamental, federal o estatal, no penal; y
- reclamos por represalias bajo cualquier ley, estatuto, regulación u ordenanza.

**RECLAMOS NO SUJETOS A ARBITRAJE**

Reclamos o disputas no sujetos a arbitraje son los siguientes:

- todo reclamo que realiza un empleado por beneficios de un plan o programa que prevea su propio proceso vinculante de arbitraje;
- todo reclamo por compensación laboral estatutario;
- reclamos por seguro de desempleo;
- toda disputa no legal no está sujeta a arbitraje. Algunos ejemplos incluyen disputas por una evaluación de desempeño, problemas con compañeros de trabajo, o quejas sobre el sitio de trabajo o las tareas asignadas que no aleguen una violación legal

Su acuerdo para adherirse a este Programa de Resolución de Disputas no le prohíbe perseguir una reclamación administrativa ante la Ley Nacional de Relaciones Laborales, el departamento de trabajo estatal o federal, Agencia de Prácticas Justas de Empleo estatal o local, o la Comisión de Igualdad de Oportunidad en el Empleo de Estados Unidos. No obstante, este acuerdo lo excluye de buscar de forma personal una acción legal con relación a dicho reclamo.

Adicionalmente, nada en este acuerdo tiene la intención de evitar que usted o la Compañía obtengan una medida cautelar para evitar un daño irreparable a la espera de la conclusión del arbitraje realizado en virtud del presente y cualquiera de las partes puede solicitar al tribunal judicial estatal o federal correspondiente una orden de restricción temporal, medida cautelar preliminar o provisional, según sea necesario, sin incumplir este acuerdo de arbitraje y sin limitar las facultades del árbitro.

Las partes también acuerdan que el arbitraje entre el empleado y la Compañía es de carácter individual y que cualquier reclamo sujeto a arbitraje no será arbitrado de forma colectiva, representativa ni grupal. Sin embargo, esta disposición no impide a los empleados ejercer sus derechos bajo la Ley Nacional de Relaciones Laborales a unirse a otros empleados en una acción colectiva para mejorar las condiciones de trabajo.

**AVISO OBLIGATORIO DE TODO RECLAMO**

Al buscar arbitraje, el reclamante debe solicitar el de la AAA o de cualquier otra agencia de resolución de disputas, previamente acordada por mutuo acuerdo, antes de transcurrido un año de la acción objeto de la queja o dentro del período del estatuto de limitación, el que sea más largo. A los fines de determinar el período aplicable, se contará a partir del día en que haya ocurrido la queja, sujeto a todas las excepciones aplicables por ley. Tenga en cuenta que ni el proceso de Revisión Ejecutiva ni la mediación detienen el estatuto de limitaciones aplicable.

**PROCEDIMIENTOS PARA EL ARBITRAJE**
Antes de solicitar el arbitraje, debe agotar el paso de mediación explicado en esta política, a menos que las partes acuerden renunciar a la mediación. Cuando comience el proceso de arbitraje, la agencia administrará el mismo en virtud de las "Normas Nacionales para la Resolución de Disputas Laborales" de la AAA y en conformidad con este Programa para Resolución de Disputas. Visite ADR.org. para obtener una copia de las normas o solicítela a la Compañía. Regirán las normas que estén en vigencia en la fecha de la demanda.

El arbitraje se realizará ante un árbitro neutral con licencia para ejercer el derecho y con vasta experiencia en el área de ley laboral. El árbitro aplicará la ley sustantiva y las leyes resolutivas, si corresponde, del estado en donde se originó el reclamo o la ley federal, o ambas, dependiendo del reclamo en cuestión. La decisión del árbitro será por escrito y proporcionará los motivos del fallo, a menos que las partes acuerden lo contrario.

El árbitro tendrá jurisdicción para conocer y resolver en disputas previas a la audiencia y está autorizado a realizar una conferencia telefónica o en persona antes de la audiencia, según lo considere necesario. El árbitro está autorizado para pronunciarse sobre una moción de sobreseimiento y/o una moción de sentencia sumaria de cualquier parte y, al hacerlo, debe aplicar las normas que rigen dicha moción en virtud de las Normas Federales de Procedimiento Civil.

**PROCEDIMIENTOS ANTES DE LA AUDIENCIA**
Usted y la Compañía tienen el derecho de tomar declaraciones a personas y testigos expertos presentados por la otra parte. La toma de declaraciones y otros hallazgos de pruebas antes del juicio se tomarán conforme la orden del arbitrador seleccionado bajo el Programa, quien permitirá el adecuado proceso de hallazgo de pruebas. Usted y la Compañía tienen el derecho de convocar a testigos en el arbitraje en conformidad con las Normas Federales de Procedimiento Civil. Al menos treinta (30) días antes del arbitraje, usted y la Compañía deberán intercambiar listas de testigos, incluyendo cualquier experto y copias de todas las pruebas que se usarán en el arbitraje.

**HONORARIOS Y COSTOS DEL ARBITRAJE**
Hay dos tipos de honorarios y costos administrativos asociados con el arbitraje; un cargo de presentación con la agencia de arbitraje seleccionada y el pago del árbitro por sus servicios y gastos. Tales honorarios y demás gastos deberán asignarse de la siguiente manera:

1. La parte que solicita el arbitraje debe pagar a la agencia un cargo de presentación de $125.00 para solicitar el arbitraje. Si usted solicita el arbitraje, la Compañía pagará el saldo del cargo de presentación inicial y, si ésta solicita el arbitraje, pagará todo el cargo. Cualquiera de las partes, a sus expensas, puede programar y pagar el costo de un taquígrafo de la corte para que proporcione un registro estenográfico del proceso de arbitraje.
2. Cada parte será responsable de sus propios honorarios de abogados y gastos de litigio relacionados, de haberlos; sin embargo, si una de las partes gana un reclamo estatutario, el cual permite que la parte ganadora reciba los honorarios de abogado, el árbitro podría conceder honorarios razonables a la parte ganadora.
3. Cuando lo permita la ley, el árbitro podrá determinar los honorarios de los abogados contra una parte cuando la otra parte demuestre que la reclamación de la primera es frívola, irrazonable o sin fundamento fáctico.
4. Si una de las partes procura una demanda legal contemplada en el Programa para Resolución de Disputas ante un tribunal o por cualquier otro medio que no sea el arbitraje, la parte demandada tendrá derecho a suspender o desestimar dicha acción, remitir dicha acción a arbitraje y recuperar todos los costos y honorarios de abogados y gastos relacionados con dicha acción.

**NEGOCIO EN VARIOS ESTADOS**
La Compañía realiza transacciones comerciales con otros estados y su empleo involucra dicho comercio; por lo tanto, las partes acuerdan que la Ley Federal de Arbitraje regirá la interpretación, aplicación y procesamiento del Programa para Resolución de Disputas.

**DISPOSICIONES DEL PROGRAMA/EJECUCION**
Las disposiciones contenidas en el documento del Programa son divisibles y, si se determina que una disposición no es aplicable, todas las demás permanecerán en vigencia y serán vinculantes. Ninguna disposición contenida en el documento del Programa será considerada inaplicable si tal disposición puede ser interpretada razonablemente de una manera que resultare aplicable. El árbitro, y no cualquier tribunal o agencia federal, estatal o local, tendrán autoridad exclusiva para resolver cualquier disputa relacionada con la interpretación, arbitrariamente, aplicabilidad o formación del acuerdo para arbitraje, incluyendo, sin limitación, cualquier reclamación de que todo o parte del acuerdo de arbitraje es nulo y anulable.

Si un tribunal debe determinar que el arbitraje bajo este Programa no es el método exclusivo, final y vinculante para que la

Compañía y sus empleados resuelvan disputas y/o que la decisión y adjudicación del árbitro no es final y vinculante con respecto al reclamación(s) total o parcial, la parte debe presentar el reclamo(s) para arbitraje y buscar que éste concluya antes de presentar o llevar a cabo cualquier proceso legal, equitativo u otro procedimiento legal para cualquier reclamo elegible en un tribunal de jurisdicción competente.

**PASOS DEL PROGRAMA**

Aunque alentamos que siga los pasos del Programa en el orden especificado, sabemos que en ocasiones no será apropiado usar los pasos preliminares. Por consiguiente, si su reclamo involucra un reclamo legal sujeto a arbitraje en virtud del presente, puede proceder directamente con el Paso 3, Mediación, sin pasar primero por el Paso 1, Política de Puerta Abierta o el Paso 2, Revisión Ejecutiva. La Compañía también podría saltar los Pasos 1 y 2 en caso de haber un reclamo legal.

**NO REPRESENTA UN CONTRATO DE TRABAJO/RECURSO EXCLUSIVO**

A pesar de que este Programa constituye un compromiso vinculante entre usted y la Compañía para resolver todas las disputas en conformidad con el proceso descrito en el presente, no se interpretará que crea un contrato de empleo, expreso o implícito. El Programa tampoco altera de manera alguna la condición de empleo “a voluntad”.

**El Programa le impedirá presentar una demanda judicial ante un tribunal por un reclamo individual, de clase, representativo o colectivo para una reclamación legal sujeta a arbitraje. Este programa también incluye su renuncia a cualquier derecho a un juicio por jurado.**

**[2004EDRSistemas,LLC/Todoslosderechosreservados/Revisado2019]**

Company Representative Signature:______________________________

Ron Bellamy, Authorized Officer for HUT American Group LLC and all subsidiaries or affiliated entities and all successors and assigns of any of them.

Digitally Signed By: Ricky Wood
Date: Mar-23-2021 6:22:59 PM EDT

Employee Signature

03/23/2021

Date